PCT Contr., LLC v Riggs Distler & Co., Inc. (2023 NY Slip Op 00819)

PCT Contr., LLC v Riggs Distler & Co., Inc.

2023 NY Slip Op 00819

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Acosta, P.J., Webber, Friedman, Kennedy, Higgitt, JJ. 

Index No. 655278/18 Appeal No. 17335-17336-17337-17338 Case No. 2022-02280, 2022-02616, 2022-03259, 2022-04026 

[*1]PCT Contracting, LLC, Plaintiff-Appellant-Respondent,
v
Riggs Distler & Company, Inc., Defendant-Respondent-Appellant. 

Kaufman Dolowich & Voluck. LLP, Woodbury (Andrew L. Richards of counsel), for appellant-respondent.
Dentons US LLP, New York (John J. Hay of counsel), for respondent-appellant.

Amended judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered September 12, 2022, after a nonjury trial, dismissing the complaint and defendant's counterclaims, unanimously affirmed, without costs. Appeals from judgment, same court and Justice, entered July 22, 2022, and orders, same court and Justice, entered on or about May 2 and June 3, 2022, unanimously dismissed, without costs.
In late 2015, plaintiff PCT Contracting, LLC (PCT) hired HMC Strategic Advisors LLC (HMC) to locate a company to purchase PCT in exchange for 4% of the total gross price paid by the purchaser (the HMC Agreement). As a result of HMC's search, PCT entered into an asset purchase agreement (the APA) with defendant Riggs Distler & Company, Inc. (Riggs) whereby Riggs would purchase assets of PCT. Under the APA, Riggs was required to pay all brokers' fees, which would have included any fees charged by HMC. The APA did not disclose the HMC Agreement. Had it been disclosed, Riggs would have adjusted its purchase price to account for HMC's 4% fee.
The principal issue on this appeal is whether the HMC Agreement was a "Material Contract" pursuant to the APA, requiring PCT to have included the agreement within the APA's disclosure schedules.
Section 4.07(a) of the APA states that "[s]ection 4.07(a) of the Disclosure Schedules lists each of the following Contracts . . . (y) to which [PCT] is a party or by which it is bound in connection with the Business or the Purchased Assets . . . (i) all Contracts involving aggregate consideration in excess of $50,000 . . . (v) all broker, distributor, dealer, manufacturer's representative, franchise, agency, sales promotion, market research, marketing consulting and advertising Contracts." "Purchased Assets" were defined as "all of the assets, properties and rights of every kind and nature, whether real, personal or mixed, tangible or intangible."
Based on the foregoing, the HMC Agreement was a "Material Contract" as defined by the APA because it was a contract "to which [PCT was] . . . bound in connection with the . . . Purchased Assets" under APA § 4.07(a) because PCT was bound to it and because the HMC Agreement related to PCT's attempts to sell the Purchased Assets to Riggs, or some other buyer, and thus was a contract "in connection with" those assets (see DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 156 [2010]).
The trial court properly denied Riggs attorneys' fees for its defense costs incurred in this action and in an earlier related arbitration. APA § 8.02(a) requires PCT to indemnify Riggs for "any and all Losses incurred or sustained by . . . the Buyer Indemnitees based upon, arising out of, with respect to or by reason of . . . any inaccuracy in or breach of any representations or warranties in the APA." "Losses" are defined to include "reasonable attorneys' fees." Although PCT was found to have breached a representation and warranty by failing to disclose the HMC Agreement, and while Riggs incurred [*2]attorneys' fees in defending against PCT's claims and in prosecuting its own counterclaims, Riggs did not incur those fees "based upon, arising out of, with respect to or by reason of" PCT's breach. Instead, fees for defending itself in the arbitration arose from HMC's claims arising from the HMC Agreement, while the fees for defending itself in this action arose from Riggs's alleged failure to pay HMC.
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023